OPINION *Page 2 
{¶ 1} Plaintiff-appellant, Nathan C. Lewis (hereinafter "Nathan"), appeals the judgment of the Union County Court of Common Pleas. For the reasons that follow, we reverse the judgment of the trial court.
 {¶ 2} In 2003, Nathan married Scarlett Strausbaugh (nka Scarlett Lewis), and the parties had one child, Kaya Lewis (DOB 9/8/03). Nathan subsequently filed for a divorce. On January 4, 2006, the divorce decree and the shared parenting plan were filed. The trial court approved the shared parenting plan.
 {¶ 3} On August 21, 2006, Nathan filed a motion "to reallocate and re-evaluate parental rights and responsibilities." Scarlett was provided service, but did not appear. On June 12, 2007, the magistrate took no evidence in the case and proceeded entirely on the representations of Nathan's attorney.[1] The magistrate subsequently issued a decision. Nathan filed objections to the magistrate's decision. The trial court, without taking any evidence, filed a journal entry on June 29, 2007, which stated in pertinent part:
 The court finds each of the parties unfit as custodians of the minor child of the parties, and further finds that the paternal grandparents have failed in this case to move for intervention for the purpose of seeking custody of the minor child. *Page 3 
 It is, therefore, Ordered that this matter be and hereby is referred and certified to the Union County Court of Common Pleas, Juvenile Division, for further determination of matters of parenting of the minor child of the parties.
Emphasis added.
 {¶ 4} It is from this judgment that Nathan appeals and asserts three assignments of error for our review. Since Nathan's assignments of error deal with similar issues, we will combine his assignments of error.
 ASSIGNMENT OF ERROR NO. I THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND VIOLATED APPELLANT'S RIGHTS TO DUE PROCESS OF LAW AND HIS RIGHT TO DUE COURSE OF LAW WHEN IT DENIED HIS RIGHT TO BE HEARD AND REFUSED TO HEAR ANY TESTIMONY IN SUPPORT OF APPELLANT'S MOTION TO REALLOCATE PARENTAL RIGHTS.
 ASSIGNMENT OF ERROR NO. II THE TRIAL COURT COMMITTED PREJUDICIAL ERROR WHEN IT RULED THE CHILD'S GRANDPARENTS WOULD HAVE CUSTODY WHERE NO MOTION OR PETITION SEEKING SUCH WAS EVER FILED AND, COUNSEL REPEATEDLY TOLD THE TRIAL COURT IT WAS NOT SOUGHT.
 ASSIGNMENT OF ERROR NO. III THE LOWER COURT COMMITTED PREJUDICIAL, REVERSIBLE ERROR WHEN IT FOUND "EACH OF THE PARTIES UNFIT AS CUSTODIANS OF THE MINOR CHILD" AND ORDERED THAT THIS CASE BE CERTIFIED TO JUVENILE COURT. *Page 4 
 {¶ 5} In his first assignment of error, Nathan argues the record contains no evidence to support the trial court's decision. Nathan argues, in his second assignment of error, that the magistrate mischaracterized his motion as asking the court to grant custody to the paternal grandparents. Nathan argues, in his third assignment of error, that the trial court denied him his right to be heard and to present evidence. Thus, Nathan argues that the trial court's finding that the appellant was unfit to be the custodian of his child must be reversed.
 {¶ 6} In Gleckler v. Gleckler (Sept. 23, 1999), 3d Dist. No. 14-99-19, *1, the trial court "took no evidence in this matter" and "proceeded based entirely on the representations of counsel." In that case, we affirmed the order granting the parties a divorce, since the parties had stipulated to the grounds for the divorce, but reversed as to the remaining parts of the trial court's order. Id. at *2.
 {¶ 7} Similarly, in this case, the magistrate failed to takeany evidence at the hearing. The magistrate subsequently filed its decision finding that "it is not in the best interests of Kaya to terminate the Shared Parenting Plan and the Shared Parenting Plan currently in place remains in full force in effect." (June 18, 2007, magistrate's decision). Nathan subsequently filed objections to that decision.
 {¶ 8} The trial court also failed to take any evidence. However, the trial court found "each of the parties unfit as custodians of the minor child of the parties, and further [found] that the paternal grandparents have failed in this case *Page 5 
to move for intervention for the purpose of seeking custody of the minor child." (6/29/07 JE). In that same journal entry, the trial court referred and certified the case to the Juvenile Division. (Id).
 {¶ 9} After reviewing the record, we find significant deficiencies in this case. First, the trial court found Nathan to be unfit, when the only motion before the court was Nathan's motion "to reallocate and re-evaluate parental rights and responsibilities."
 {¶ 10} Second, the trial court found Nathan to be unfit as the custodian of the minor child without any evidence being presented before the magistrate and without taking any evidence itself. Under Civ.R. 53(D)(4)(b), "[w]hether or not objections are timely filed, a court may adopt or reject a magistrate's decision in whole or in part, with or without modification. A court may hear a previously-referred matter, take additional evidence, or return a matter to the magistrate." The trial court could have taken evidence in the case, but did not and no evidence had been presented to the magistrate. Since there was no evidence presented in this case, there is no question that the trial court reached its conclusion that Nathan was unfit without any evidence to support its determination.
 {¶ 11} For the aforementioned reasons, we must reverse this case. Nathan's first, second, and third assignments of error are sustained. *Page 6 
 {¶ 12} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment Reversed and Cause Remanded.
 SHAW, P.J., and ROGERS, J., concur.
[1] In Nathan's memorandum in support of his motion, Nathan indicates that both parents were indicted in the U.S. District Court for Southern Ohio for possession of heroin and conspiracy to distribute. On June 12, 2007, Nathan's attorney represented that Nathan was to be sentenced the following day, and that the probation officer was recommending five months incarceration. (Tr. June 12, 2007 at 5-6) *Page 1